# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| JAMAL LEWIS, | ) | |
| | ) | |
| *Petitioner*, | ) | Case No. 3:25-cv-437 |
| | ) | |
| v. | ) | Judge Atchley |
| | ) | |
| SHERIFF TOM SPANGLER, | ) | Magistrate Judge McCook |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION AND ORDER

Petitioner Jamal Lewis, a pretrial detainee incarcerated in the Roger D. Wilson Detention Facility, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1]. For the reasons articulated below, the Court will grant Petitioner's motion and dismiss this action without prejudice.

## I.     MOTION TO PROCEED *IN FORMA PAUPERIS*

Inasmuch as Petitioner's *in forma pauperis* application and supporting documents demonstrate that Petitioner lacks the resources to pay the filing fee, the Court will **GRANT** Petitioner's motion [Doc. 1] to proceed in *forma pauperis*.

## II.     REVIEW OF PETITION

### A.     Petitioner's Allegations

On March 20, 2025, Petitioner attended "a reinstatement of bail hearing" with his attorney. [Doc. 2 at 2]. Judge Green, the presiding judge, denied the reinstatement of bail and set bail at $50,000 "because [Petitioner] is from Detroit[.]" [*Id*.]. When Petitioner's attorney asked if Petitioner could address the court, Judge Green demonstrated his bias and belief in Petitioner's guilt by stating, "You want me to let this man speak afte[r] he lied to police three times and gave three social security numbers?  No[,] he can[]not." [*Id*.].

A bond hearing was held on July 23, and Petitioner's attorney explained to the trial court that Petitioner is indigent and cannot afford to make bail. [*Id.*]. The trial court denied the request to reduce bail because nothing had changed since the last hearing, and Petitioner is from Detroit [*Id.*]. But Petitioner maintains that he is not being held on a violent offense, he is not a threat to the community, and the court abused its discretion in denying bond reduction without considering the fact of Petitioner's indigency. [*Id.* at 2–6].

Aggrieved, Petitioner filed this action and asks the Court "to reduce bail or release [him] from custody for violation of [his] rights" under the Eighth and Fourteenth Amendments to the United States Constitution. [*Id.* at 10].

**B.     Analysis**

Federal courts have the broad authority to issue a writ of habeas corpus to a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Even so, federal courts generally refrain from considering pretrial habeas petitions "if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 (6th Cir. 1981). In fact, the instances permitting a pretrial detainee to challenge his prosecution prior to judgment are "rare" and "such claims are extraordinary." *Christian v. Wellington*, 739 F.3d 294, 298 (6th Cir. 2014). A claim of excessive bail, however, is a circumstance that permits federal review. *Atkins*, 644 F.2d at 549.

But even if a claim may be considered by a federal court, a habeas petitioner must "exhaust all available state court remedies" first. *Phillips v. Ct. of Common Pleas, Hamilton Cnty.*, 668 F.3d 804, 810 (6th Cir. 2012) (citation and footnote omitted); *Collins v. Million*, 121 F. App'x 628, 630 (6th Cir. 2005) (finding that regardless of whether a petition is brought under § 2254 or § 2241, a petitioner "is required first to exhaust his state court remedies"). Exhaustion is a "strictly enforced

2

doctrine designed to promote comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Rayner v. Lee*, No. 3:18-cv-01103, 2020 WL 58610, at \*4 (M.D. Tenn. Jan. 6, 2020) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)). Therefore, each claim—and the substance of each claim—must have been presented to the state courts as a federal constitutional claim before it is presented in a federal habeas petition. *See, e.g.*, *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

To properly exhaust a § 2241 claim of excessive bail, "a Tennessee detainee must file a bond-reduction motion in the trial court; if that is unsuccessful, the detainee must file 'a motion for review in the court of criminal appeals'; and if that is unsuccessful, the detainee may file 'a motion for review in the state supreme court.'" *Houston v. Helton*, No. 1:23-cv-00021, 2023 WL 3829400, at \*3 (M.D. Tenn. June 5, 2023) (quoting *Witherspoon v. Oldham*, No. 17-cv-2535-SHM-cgc, 2018 WL 1053548, at \*4 (W.D. Tenn. Feb. 26, 2018) (citing Tenn. Code Ann. § 40-11-1144; TENN. R. APP. P. 8)).

Here, Petitioner does not state that he has followed these procedures. While Petitioner claims his counsel filed a motion for bond reduction in the trial court, he does not indicate that he appealed the denial of that motion to the Tennessee Court of Criminal Appeals. And the Court cannot consider his excessive-bond claim until he does so. The Court will, therefore, deny the petition and dismiss this action without prejudice.

## III.    CONCLUSION

For the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* [Doc. 1] is **GRANTED**, and this action will be **DISMISSED WITHOUT PREJUDICE**. An appropriate judgment will enter.

3

Because reasonable jurists would not debate that Petitioner must first exhaust his state-court remedies before pursing federal habeas relief, a certificate of appealability from this decision is **DENIED**. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (providing that to obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling").

It is **CERTIFIED** that any appeal from this decision would not be taken in good faith and would be totally frivolous. FED. R. APP. P. 24.

    **SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

4